USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4-11-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRY SCALERCIO-ISENBERG,

           Plaintiff,

- against -

CITIZENS FINANCIAL GROUP, INC.,

           Defendant.

18-cv-9226 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The pro se plaintiff, Sherry Scalercio-Isenberg, filed this action alleging that the defendant, Citizens Financial Group, Inc., engaged in violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practices Act ("FDCPA"). The defendant moves to dismiss the plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or to transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). In the alternative, the defendant moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.

The Court accepts the following allegations solely for purposes of the pending motion.

The plaintiff alleges that she and her husband obtained a home equity line of credit (a "HELOC") in 2008 from the lender "Charter One," and the defendant later acquired the HELOC. FAC at 3. The HELOC closed three or four years ago with an outstanding balance of about $48,000, which the plaintiff and her husband pay off in monthly payments. Id. The plaintiff alleges that in March 2016, the defendant "mixed up" the plaintiff's account with a delinquent account that belonged to another customer. Id. Around this time, the plaintiff also received "automated," "[r]obo calls" from the defendant. Id. at 4. The plaintiff hired an attorney and "was successful in stopping" these calls. Id. However, at some point after her lawyer "closed out the case" and withdrew as counsel, a new, allegedly fraudulent Citizens Financial account was opened in the plaintiff's or her husband's name. Id. And in March and July 2018, the plaintiff received more automated calls from the defendant. See id. at 2 (cataloging five such calls).

The plaintiff first claims that the defendant violated the TCPA by making three automated calls in March 2018 and two in July 2018. Second, the plaintiff argues that the defendant, in violation of the FCRA, "falsely reported several 'late payment' statuses to the [c]redit reporting agencies" causing her loan-refinance application to be denied. Id. at 3. Finally, the plaintiff argues that the defendant violated the FDCPA by

2

failing to credit her monthly HELOC payments timely and accurately.

**II.**

The defendant contends that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, transferred to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

The plaintiff bears the burden of establishing that venue is proper. Rankel v. Kabateck, No. 12cv216, 2013 WL 7161687, at *2 (S.D.N.Y. Dec. 9, 2013). "When deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court may rely on materials outside of the pleadings . . . ." Id. "When, as here, the Court does not conduct an evidentiary hearing on the motion and makes a venue determination on the basis of pleadings and affidavits, the plaintiff must only make a prima facie showing of venue." Id. Moreover, the Court treats the allegations in the FAC as true, unless contradicted by the defendant's affidavits, and draws all reasonable inferences and resolves all factual disputes in the plaintiff's favor. Id. If a plaintiff's case is filed in an improper venue, 28 U.S.C. § 1406(a) provides for dismissal or, if in the interest of justice, transfer of a case.

Venue in this federal question jurisdiction case is determined under 28 U.S.C. § 1391(b). That provision provides, among other things, that venue is proper in "a judicial district

3

in which any defendant resides." 28 U.S.C. § 1391(b)(1). The defendant asserts that it is incorporated in Delaware and has its principal place of business in Rhode Island. But the defendant has not submitted an affidavit indicating that it could not be served in the Southern District of New York, and residency for a defendant entity exists in any district in which the entity is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). The plaintiff, on the other hand, alleges that venue is proper because, on information and belief, the defendant resides in the Southern District of New York. See FAC at 2. Moreover, the plaintiff indicates that her dealings with the defendant have been primarily with one of its branches located in the Southern District of New York and that the summons and complaint in this case were served on that branch. See Def.'s Ex. D; Dkt. No. 9. The defendant does not contest proper service. Def.'s Ex. E.

The defendant contends that in the Court's October 11, 2018 Order, Dkt. No. 5,[1] the Court found that the defendant does not reside in the Southern District of New York. However, this contention is simply not correct; the Court only raised the question whether this action should be transferred to the

---

[1] At the time of the Court's October 11, 2018 Order, this case was assigned to then-United States District Judge Richard Sullivan.

4

District of New Jersey under 28 U.S.C. § 1404(a), but the defendant has not made such a motion.

The defendant's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer the case pursuant to 28 U.S.C. 1406(a) is **denied without prejudice**.

### III.

The defendant contends that the plaintiff has failed to state claims under the TCPA, FCRA, and the FDCPA.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009). Moreover, pro se complaints are construed liberally. Dolan v. Connolly, 794 F.3d 290, 293 (2d Cir. 2015).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

**A.**

The defendant argues that the plaintiff's conclusory allegation that she received "automated," "robo calls" from the defendant is insufficient to state a TCPA claim because the plaintiff does not allege that the defendant made calls using an automatic telephone dialing system or an artificial or prerecorded voice in violation of the TCPA.

The TCPA makes it unlawful to make any nonemergency or unconsented-to call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service

6

. . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1).[2] The TCPA defines an "automatic telephone dialing system" as equipment which has the "capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." Id. § 227(a)(1). "Automatic telephone dialing system" is a highly technical term that has been interpreted by the Federal Communications Commission and the Courts of Appeals for the District of Columbia Circuit and the Second Circuit. See King v. Time Warner Cable Inc., 894 F.3d 473, 481 (2d Cir. 2018); ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687 (D.C. Cir. 2018). "To state a claim under the TCPA, a plaintiff must allege that: (1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial or prerecorded message] and (3) without prior consent of the recipient." Ford v. Bluestem Brands, Inc., No. 18cv2695, 2019 WL 1046367, at *3 (S.D.N.Y. Mar. 5, 2019) (quotation marks omitted, alteration in the original).

---

[2] Subject to similar exceptions, the TCPA also prohibits calls to residential telephone lines using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(B). The provision prohibiting such calls, however, does not include a prohibition on calls placed using an automatic telephone dialing system. See id. The plaintiff does not specify in the FAC whether the calls were made to a cellular phone or a residential line. The difference is not relevant for purposes of this motion because, as explained below, the plaintiff has not sufficiently alleged that the defendant's calls used an automatic telephone dialing system or an artificial or prerecorded voice.

The plaintiff's allegation that the defendant placed "automated," "robo calls" does not suffice to allege that the defendant used an automatic telephone dialing system to place the calls at issue or that the calls contained an artificial or prerecorded voice. The plaintiff's TCPA claim is therefore **dismissed without prejudice.** The plaintiff may file a second amended complaint clarifying whether the relevant calls allegedly made by the defendant were made using an automatic telephone dialing system or contained an artificial or prerecorded voice.

**B.**

Next, the defendant argues that the plaintiff has failed to state a claim under the FCRA because (1) the provision on which the plaintiff's FCRA cause of action appears to be based, 15 U.S.C. § 1681s-2(a), does not contain a private right of action, and (2) if the plaintiff's cause of action rests on § 1681s-2(b), she has failed to state a claim.

To the extent the plaintiff's FCRA claim is based on § 1681s-2(a) – which imposes a duty on furnishers of information to provide accurate information to consumer reporting agencies – her claim fails because that provision does not contain a private right of action. See Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2d Cir. 2012). To the extent the plaintiff's claim is based on § 1681s-2(b), which provides for a private

right of action, Crawford v. Recovery Partners, No. 12cv8520, 2014 WL 1695239, at *4 (S.D.N.Y. Apr. 28, 2014), she has failed to state a claim. That provision "imposes a duty upon those who furnish information to credit reporting agencies to conduct an investigation upon notice that a consumer has disputed the accuracy or completeness of reported information." Longman v. Wachovia Bank, N.A., No. 09cv01669, 2011 WL 4352102, at *4 (D. Conn. Sept. 16, 2011), aff'd, 702 F.3d 148 (2d Cir. 2012). Before a consumer may bring a claim under § 1681s-2(b), the furnisher of information – namely, the defendant – must receive notice from a credit reporting agency that the consumer disputes the accuracy or completeness of the information reported by the furnisher of information. Barberan v. Nationpoint, 706 F. Supp. 2d 408, 427 n.12 (S.D.N.Y. 2010). The plaintiff does not allege that the defendant has received such notice from a credit reporting agency.

Accordingly, the plaintiff's FCRA claim is **dismissed without prejudice**.

### C.

Finally, the defendant argues that the plaintiff has failed to state a claim under the FDCPA because the plaintiff has not alleged that the defendant is a "debt collector" within the meaning of the statute.

The plaintiff alleges that Citizens Bank N.A. is listed on her monthly HELOC statements as a debt collector for the defendant and that the defendant therefore qualifies as a debt collector under the FDCPA. FAC at 3. In other words, she alleges that the defendant is a creditor attempting to collect the debt it is owed. Absent circumstances not present in this case, creditors seeking to collect their own debts are not considered "debt collectors" under the FDCPA and are exempt from liability under the statute. See Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998); Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 528 (S.D.N.Y. 2008). The plaintiff has not alleged that the defendant is a debt collector rather than a creditor attempting to collect the debt the plaintiff owes it.

The plaintiff's FDCPA claim is therefore **dismissed without prejudice.**

## CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion to dismiss the plaintiff's FAC under Federal Rule of Civil Procedure 12(b)(3), or alternatively transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1406(a), is **denied without prejudice.** The defendant's motion to dismiss the plaintiff's complaint under Rule 12(b)(6)

is **granted**. The plaintiff's FAC is **dismissed without prejudice**. The plaintiff may file her second amended complaint by **May 10, 2019.**

The plaintiff is advised that, in light of the disparaging nature of her papers and particularly the ad hominem attacks she has made against defense counsel, continuing to engage in such behavior may subject the plaintiff to sanctions.

The Clerk of Court is directed to close docket number 30.
**SO ORDERED.**

**Dated:    New York, New York
           April 11, 2019**

_____
John G. Koeltl
United States District Judge